1
2
3
4
5
6
7
8
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA
9
10
DANNAE A.,

11
                      Plaintiff,                    CASE NO. 2:21-cv-00425-JRC

12
        v.                                          ORDER ON PLAINTIFF'S
                                                    COMPLAINT
13
COMMISSIONER OF SOCIAL
SECURITY,
14
                      Defendant.
15
16

17        This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local

18   Magistrate Judge Rule MJR 13. *See also* Consent to Proceed Before a United States Magistrate

19   Judge, Dkt. 2. This matter has been fully briefed. *See* Dkts. 14–16.

20        Plaintiff, Dannae A., is a 46-year-old woman with prior employment as a cashier, pantry

21   goods maker, and packager, who claims she cannot work due to her mental health impairments,

22   which include schizoaffective disorder, anxiety, memory loss, and anxiety. In January 2019—

23   two months before plaintiff applied for benefits—she was examined by Dr. Phyllis Sanchez, who

24

1    assessed several limitations related to plaintiff's mental health disorders. Plaintiff was also

2    examined by Dr. Tasmyn Bowes in 2018, who similarly assessed several limitations in plaintiff's

3    ability to complete work related activities due to her mental impairments.

4         The Administrative Law Judge ("ALJ") did not discuss Dr. Sanchez or Dr. Bowes'

5    medical opinions in his written decision. This Court concludes that the ALJ was not free to

6    completely disregard the medical opinions without explanation. The error was not harmless

7    because the ALJ's decision could well have differed had the opinions been considered.

8    Therefore, this Court orders that this matter be remanded for further proceedings.

9                                    **BACKGROUND**

10        Plaintiff's application for Supplemental Security Income ("SSI") benefits pursuant to 42

11   U.S.C. § 1382(a) (Title XVI) of the Social Security Act was denied initially and following

12   reconsideration. *See* AR 72, 79. Plaintiff's requested hearing was held before ALJ Glenn G.

13   Meyers on July 21, 2020. *See* AR 27. On July 29, 2020, the ALJ issued a written decision in

14   which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. *See*

15   AR 18–26.

16        On February 1, 2021, the Appeals Council denied plaintiff's request for review, making

17   the written decision by the ALJ the final agency decision subject to judicial review. AR 1; *see* 20

18   C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's

19   written decision in April 2021. *See* Dkt. 5. Defendant filed the sealed administrative record

20   regarding this matter on August 24, 2021. *See* Dkt. 12.

21                                    **DISCUSSION**

22        Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

23   social security benefits if the ALJ's findings are based on legal error or not supported by

24

substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

Plaintiff raises the following issues: (1) whether the ALJ erred by ignoring medical opinion evidence that predated the relevant period; (2) whether the ALJ erred in his RFC determination; and (3) whether the ALJ erred by rejecting plaintiff's subjective symptom testimony. *See* Dkt. 14.

### I.      Evaluation of Medical Opinion Evidence

#### A.  Opinions Predating the Relevant Period

On January 7, 2019, Dr. P. Sanchez, Psy D., a clinical psychologist, examined plaintiff and issued a report in which she listed several limitations regarding plaintiff's ability to complete basic work activities due to her mental disorders. AR 244. She reported that plaintiff has severe limitations in performing activities within a schedule, maintaining regular attendance, and being punctual within customary tolerances without special supervision. *Id.* She listed a severe limitation in plaintiff's ability to complete a normal workday and workweek without interruptions from psychologically based symptoms. *Id.* Dr. Sanchez also listed marked limitations in plaintiff's ability to adapt to changes in a routine work setting, make simple work-related decisions, be aware of normal hazards and take appropriate precaution, and in her ability to maintain appropriate behavior in a work setting. *Id.*

On June 1, 2018, Dr. Tasmyn Bowes, Psy. D, a clinical psychologist, completed a psychological evaluation of plaintiff and listed several moderate limitations in plaintiff's ability to complete basic work activities. AR 234. Specifically, among other limitations, she reported that plaintiff is moderately limited in her ability to understand, remember, and persist in tasks by

1   following detailed instructions, adapt to changes in a routine work setting, communicate

2   effectively in a work setting, and set realistic goals and plan independently. *Id.*

3        Plaintiff argues that the ALJ erred by not discussing Dr. Sanchez or Dr. Bowes' medical

4   opinions in the written decision. Dkt. 14, at 3–7. Defendant argues that the ALJ was justified in

5   not discussing them because the opinions predated the relevant period and "therefore had no

6   significant probative value to the claim before the ALJ." Dkt. 15, at 4. This Court agrees with

7   plaintiff.

8        According to the Ninth Circuit, ALJs err when they do not "explicitly reject a medical

9   opinion . . . ." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). An ALJ "may not reject

10  'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 571 (9th

11  Cir. 1995) (quoting *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984)). The "ALJ's

12  written decision must state reasons for disregarding [such] evidence." *Id.* at 571; *see also Marsh*

13  *v. Colvin*, 792 F.3d 1170, 1172–73 (9th Cir. 2015) ("[A]n ALJ cannot in its decision totally

14  ignore a treating doctor and his or her notes, without even mentioning them.").

15       In 2017, the Administration enacted new regulations regarding how an ALJ should weigh

16  medical opinions. For applications filed on or after March 27, 2017, the Administration has

17  directed ALJs that they are no longer to defer to medical opinions from treating or examining

18  sources (*see* 20 C.F.R. §§ 404.1527(c)), instead ALJs are to evaluate the persuasiveness of

19  medical opinions by analyzing their "supportability" and "consistency," as well as other

20  appropriate factors. 20 C.F.R. § 404.1520c(a). However, nothing in the new regulations suggests

21  that an ALJ can outright ignore a medical opinion. In fact, the new regulations suggest otherwise.

22  *See* 20 C.F.R. § 416.920c(a) ("We will articulate how we considered the medical opinions and

23  prior administrative medical findings in your claim according to paragraph (b) of this section.").

24

1    Further, an ALJ's decision must be supported by substantial evidence. *See Lambert v.*

2    *Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). The ALJ "must provide sufficient reasoning that

3    allows us to perform our own review, because the grounds upon which an administrative order

4    must be judged are those upon which the record discloses that its action was based." *Id.* (internal

5    citations and quotations omitted). Because the ALJ did not explain why he might be rejecting the

6    medical opinions, his decision cannot be supported by substantial evidence.

7    In certain situations, such as impairments caused by a discreet event, the Ninth Circuit

8    has held that "[m]edical opinions that predate the alleged onset of disability are of limited

9    relevance," however, it has not said that they are of *no* relevance. *Carmickle v. Comm'r, Soc.*

10   *Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). Just as "medical evaluations made after the

11   expiration of a claimant's insured status are relevant to an evaluation of the pre-expiration

12   condition," medical evaluations made before the alleged onset date are similarly relevant. *See*

13   *Smith v. Bowen*, 849 F.2d 1222, 1225–26 (9th Cir. 1988). Dr. Sanchez and Dr. Bowes' opinions

14   concerns plaintiff's mental disorders, which the ALJ found to be severe impairments that

15   plaintiff continued to suffer throughout the alleged period of disability. *See* AR 17; 233–34, 243.

16   Therefore, this Court concludes that the opinions should have been considered and evaluated by

17   the ALJ. Failure to do so was error.

18   The ALJ's error was not harmless. Error is harmless and will not support reversal of the

19   ALJ's decision when the error is "inconsequential to the ultimate nondisability determination."

20   *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). Here, the ALJ's

21   evaluation of other medical opinion evidence and his determination of the RFC could have

22   differed if he had considered the medical opinions. Therefore, it was not harmless error to have

23   ignored them.

24

## II.      Other Issues

Plaintiff also argues that the ALJ erred in his RFC determination and in rejecting plaintiff's subjective symptom testimony. *See* Dkt. 14 at 7–14. Because this Court is remanding this matter for further proceedings, the ALJ must reassess all of the evidence and make a new RFC determination. *See* Program Operations Manual System (POMS) GN 03106.036 *Court Remand Orders*, https://secure.ssa.gov/poms.nsf/lnx/0203106036 (last visited Dec. 6, 2021) (a court order vacating a prior decision and remanding the case voids the prior decision and thus returns the case to the status of a pending claim). Thus, this Court does not address plaintiff's remaining issues.

## III.     Remedy

"The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017).

The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Trevizo v. Berryhill*, 871 F.3d 664, 682–83 (9th Cir. 2017) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)). However, when an ALJ errs, the proper course is to remand for further administrative proceedings "except in rare circumstances." *Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).

Here, it is not clear that further administrative proceedings would serve no useful purpose. The ALJ will need to consider what impact Dr. Sanchez and Dr. Bowes' opinions will have on the evaluation of other medical opinion evidence and the ultimate RFC determination. This type of fact-finding is a function of the ALJ. Therefore, a remand for further proceedings is appropriate.

## CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 7th day of December, 2021.

J. Richard Creatura
Chief United States Magistrate Judge